IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN GRYBOSKI**, | : |
| Plaintiff | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| **WILKES UNIVERSITY**, | : |
| | : No. |

## COMPLAINT

### I. JURISDICTION

1. This action is authorized, initiated, founded upon, and arises under the provisions of federal law, Titles VII of the Civil Rights Act of 1964, as amended, specifically U.S.C. §1981; and state law, specifically the Pennsylvania Human Relations Act (PHRA), 43 P.S. §955(d). Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

2. The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§1331 and 1343.

3. The violations of the Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

### II. PARTIES

4. The Plaintiff, Kevin Gryboski, is an adult male individual.

5. Plaintiff is a citizen of the United States and the Commonwealth of Pennsylvania and resides at 714 Ice House Drive, Mountain Top, Luzerne County, PA 18707.

1

6. Defendant Wilkes University is an educational institution and a domestic nonprofit corporation incorporated in the Commonwealth of Pennsylvania, with a registered office located at 170 South Franklin Street, Wilkes-Barre, PA 18766 and its principal place of business located at 84 West South Street, Wilkes-Barre, PA 18766.

7. At all times material hereto Defendant Wilkes University was, and is, engaged in an industry affecting interstate commerce and employed more than five hundred persons.

8. Defendant Wilkes University provides programs or activities receiving Federal financial assistance, including, but not limited to, grants and federal student loans provided to it for its students or given to it directly by the federal government.

### III.     ADMINISTRATIVE PREREQUISITES

9. On November 17, 2023, Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission (EEOC), dual filed with the Pennsylvania Human Relations Commission (PHRC), alleging retaliation for protected activity, made illegal by Title VII of the Civil Rights Act of 1964 and the PHRA, against Defendant Wilkes University docketed to EEOC #530-2024-01376.

10. The EEOC issued a notice to right to sue as to EEOC #530-2024-01376 on May 16, 2025 and more than one year has passed since the original filing for purposes of the PHRA filing.

### IV.     RIGHT OF EQUITABLE RELIEF

11. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is Plaintiff's only means of securing adequate relief.

## V. JURY TRIAL DEMANDED

12. Plaintiff demands trial by jury on this Complaint.

## VI. FACTUAL ALLEGATIONS

13. On May 25, 2023, Defendant terminated Mr. Gryboski's employment as the Head Coach of Baseball in the Athletics Department of Wilkes University.

14. The termination of Mr. Gryboski's employment by Defendant was without cause.

15. At all times material hereto, Mr. Gryboski was qualified to perform the duties as the Head Coach of Baseball in the Athletics Department of Wilkes University.

18. At all times material hereto, Mr. Gryboski has performed his duties as the Head Coach of Baseball in the Athletics Department of Wilkes University in a good, competent and professional manner.

19. As the Head Coach of Baseball in the Athletics Department of Wilkes University, Mr. Gryboski enjoyed great success, met all the requirements of Defendant, was held in high esteem by his peers, players, staff and University students.

20. Mr. Gryboski enjoyed an exemplary reputation both with the University and the community at large.

21. On or about March 13, 2023, Mr. Gryboski reported by e-mail to Defendant Wilkes University that he had learned from many of his players that one player on the

3

Wilkes University baseball team, in particular, had made offensive racial comments directed toward another player on the Wilkes University baseball team.

22. The player who had made the racially offensive comments was of the white color, Caucasian race, and non-African national origin.

23. The player against whom the racially offensive comments were directed was of the black color, non-Caucasian race and African national origin.

24. Mr. Gryboski made his report of the racially offensive comments by e-mail to Elizabeth Leo, Esq., who was University Counsel and Title IX coordinator for the Defendant Wilks University.

25. Ms. Leo was a proper representative of Defendant Wilkes University to whom a complaint of racial harassment could, and should, be directed.

26. Mr. Gryboski believed that the policies and procedures of Defendant Wilkes University required him to report to Defendant Wilkes University, the racially offensive comments made by one player to another player of a different color, race and national origin.

27. The policies and procedures of Defendant Wilkes University, in fact, require Mr. Gryboski to report to Defendant, the racially offensive comments made by one player to another player of a different color, race and national origin.

28. Mr. Gryboski's report to Defendant Wilkes University of the racially offensive comments made by one player to another player of a different color, race and national origin

4

were in opposition to a practice made unlawful by Title VII of the Civil Rights Act of 1964; specifically 42 U.S.C. §§ 2000d, 2000e-2(a) and 2000 e-3(a); the Civil Rights Act of 1870, specifically 42 U.S.C. §1981; and state law, specifically the Pennsylvania Human Relations Act, 43 P.S. §955(d) and constituted protected activity on the apart of Mr. Gryboski.

29. Defendant's decision-makers, including Ms. Leo, were aware of Mr. Gryboski's report to Defendant Wilkes University of the racially offensive comments made by one player to another player of a different color, race and national origin.

30. Defendant Wilkes University determined that Mr. Gryboski's report that one player had made racially offensive comments to another player of a different color, race and national origin was founded.

31. The termination of Mr. Gryboski's employment by Defendant Wilkes University constitute adverse action against him.

32. There was a causal connection between Mr. Gryboski's protected activity and the adverse employment action taken against him by Defendant Wilkes University.

33. Defendant Wilkes University terminated Mr. Gryboski's employment in retaliation for his report of the racially offensive comments made by one player to another player of a different color, race and national origin.

34. The termination of Mr. Gryboski's employment might well have dissuaded a reasonable worker from making or supporting a charge of discrimination at Defendant Wilkes University.

35. But for Mr. Gryboski's report of the racially offensive comments made by one player to another player of a different color, race and national origin, Defendant Wilkes University would not have terminated his employment.

36. The actions taken by Defendant as described herein were willful, deliberate, intentional, reckless, outrageous and performed with an extreme indifference to the rights of Mr. Gryboski.

37. On account of Defendant's unlawful conduct as aforesaid, Plaintiff has suffered severe emotional distress, trauma, humiliation, personal indignity, emotional pain, shame, embarrassment and anxiety, damage to personal and professional status and reputation, and other compensatory and consequential damage.

## VII.   CAUSES OF ACTION

### COUNT I

### Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3, et seq.

### Retaliation for Engaging in Protected Activity

38. Paragraphs 1 through 37 of this Complaint are incorporated herein by reference as though set forth in full.

39. The actions described herein were in violation of the civil rights of Plaintiff, in the course of Plaintiff's course of employment by Defendant Wilkes University and were carried out by the Defendant and its agents, servants and employees.

40. The actions described herein are in violation of the civil rights of Plaintiff and were committed by the Defendant Wilkes University on account of his complaints of harassment on account of race.

41. Plaintiff has suffered damages in the form of loss of compensation and other consequential and incidental damages.

42. The actions and omissions of Defendant Wilkes University, as described herein, were willful, deliberate, intentional, outrageous, and performed with an extreme indifference to the rights of Plaintiff, such that an award of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant Wilkes University and prays:

(a) That this Court declare that the practices in which the Defendant Wilkes University has engaged are retaliatory in violation of Title VII of the Civil Rights Act of 1964;

(b) That this Court permanently enjoin the Defendant Wilkes University from violating Title VII of the Civil Rights Act of 1964 on the basis of engaging in protected activity under the statute;

(c) That this Court order the Defendant Wilkes University to pay to Plaintiff damages for lost employment;

(d) That this Court order the Defendant Wilkes University pay the Plaintiff back pay;

(e) That this Court order the Defendant Wilkes University to pay to Plaintiff compensatory and incidental damages;

(f) That this Court order the Defendant Wilkes University to pay to Plaintiff punitive damages;

(g) That this Court order the Defendant Wilkes University to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(h) That this Court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require Defendant Wilkes University to file such reports as this court deems necessary to evaluate such compliance; and,

(i) That this Court order such other and further relief as may be just and equitable.

## COUNT II

### Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, et seq.

### Retaliation for Engaging in Protected Activity

43. Paragraphs 1 through 42 of this Complaint are incorporated herein by reference as though set forth in full.

44. Defendant Wilkes University provides programs or activities receiving Federal financial assistance, including, but not limited to, grants and federal student loans provided to it for its students or given to it directly by the federal government.

45. The actions described herein were in violation of the civil rights of Plaintiff, in the course of Plaintiff's course of employment by Defendant Wilkes University and were carried out by the Defendant and its agents, servants and employees.

46. The actions described herein are in violation of the civil rights of Plaintiff and were committed by the Defendant Wilkes University on account of his complaints of

47. Plaintiff has suffered damages in the form of loss of compensatory and other consequential and incidental damages.

48. The actions and omissions of Defendant Wilkes University, as described herein, were willful, deliberate, intentional, outrageous, and performed with an extreme indifference to the rights of Plaintiff, such that an award of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant Wilkes University and prays:

(a) That this Court declare that the practices in which the Defendant Wilkes University has engaged are retaliatory in violation of Title VI of the Civil Rights Act of 1964;

(b) That this Court permanently enjoin the Defendant Wilkes University from violating Title VI of the Civil Rights Act of 1964 on the basis of engaging in protected activity under the statute;

(c) That this Court order the Defendant Wilkes University to pay to Plaintiff damages for lost employment;

(d) That this Court order the Defendant Wilkes University pay the Plaintiff back pay;

(e) That this Court order the Defendant Wilkes University to pay to Plaintiff compensatory and incidental damages;

(f) That this Court order the Defendant Wilkes University to pay to Plaintiff punitive damages;

(g) That this Court order the Defendant Wilkes University to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(h) That this Court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require Defendant Wilkes University to file such reports as this court deems necessary to evaluate such compliance; and,

(i) That this Court order such other and further relief as may be just and equitable.

## COUNT III

## CIVIL RIGHTS ACT OF 1870

## 42 U.S.C. §1981

### Retaliation for Engaging in Protected Activity

49. Paragraphs 1 through 48 are incorporated herein by reference as though set forth in full.

50. The actions described herein were in violation of the civil rights of Plaintiff, occurred during the course of Plaintiff's employment and were carried out by the Defendant Wilkes University and its agents, servants and employees.

51. The actions described herein are in violation of the civil rights of Plaintiff and were committed by the Defendant Wilkes University on account of his complaints of harassment on account of race.

52. Plaintiff has suffered damages for lost employment and for severe emotional distress, anxiety, and other consequential and incidental damages.

53. The actions and omissions of Defendant Wilkes University, as described herein, were willful, deliberate, intentional, outrageous, and performed with an extreme indifference to the rights of Plaintiff, such that an award of punitive damages is warranted.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendant Wilkes University and prays:

(a) That this Court declare that the practices in which the Defendant Wilkes University has engaged are retaliatory and in violation of the Civil Rights Act of 1870;

(b) That this Court permanently enjoin the Defendant Wilkes University from retaliating against its employees on the basis engaging in protected activity under the statute;

(c) That this Court order the Defendant Wilkes University to pay damages in the form of loss of employment and other compensatory, consequential and incidental damages;

(d) That this Court order the Defendant Wilkes University to pay to Plaintiff back pay;

(e) That this Court order the Defendant Wilkes University to pay to Plaintiff punitive damages;

(f) That this Court order the Defendant Wilkes University to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(g) That this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws and require Defendants to file such reports as this court deems necessary to evaluate such compliance; and,

(h) That this Court order such other and further relief as may be just and equitable

## COUNT IV

## THE PENNSYLVANIA HUMAN RELATIONS ACT

## 43 P.S. §955(a) and (d)

### Retaliation for Engaging in Protected Activity

54. Paragraphs 1 through 53 of this Complaint are incorporated herein by reference as though set forth in full.

55. The unlawful employment practices hereinbefore stated constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d).

56. The actions described herein are in violation of the civil rights of Plaintiff and were committed by the Defendant Wilkes University because of Plaintiff's complaints of harassment on account of race.

57. Plaintiff has suffered damages in the form of back pay and other compensatory, consequential and incidental damages.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant Wilkes University and prays:

 (a) That this Court declare that the practices in which the Defendant has engaged are retaliatory and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955 (d) ;

 (b) that this Court permanently enjoin the Defendant Wilkes University from retaliating against employees of it on account of engaging in protected activity;

 (c) That this Court order Defendant Wilkes University pay Plaintiff back pay;

 (d) That this Court order the Defendant Wilkes University to pay Plaintiff compensatory and incidental damages;

 (d) that this Court order the Defendant Wilkes University to pay Plaintiff's reasonable attorney fees and costs of this litigation;

 (e) that this Court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws that require Defendants to file such reports as this Court deems necessary to evaluate such compliance; and

    (f) that this Court order such other and further relief as may be just and equitable.

            RESPECTFULLY SUBMITTED:

            Borland & Borland, L.L.P.

By: /s/ Kimberly D. Borland
   KIMBERLY D. BORLAND, ESQUIRE
   11th Floor, 69 Public Square
   Wilkes-Barre, PA 18701
   (570) 822-3311
   (570) 822-9894 (fax)
   Attorney ID #23673
   Attorney for Plaintiff

## VERIFICATION

I, Kevin Gryboski, verify that the averments made in the foregoing Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

Kevin Gryboski

Date: 5/23/25